IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL D. ELLIS, | **8:20CV140** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| C/Os GRAMHN, MYERS, BULLOCK and SGT. BROWN, Employees of Douglas County Correctional Center, | |
| Defendants. | |

This matter is before the court for initial review of Plaintiff's Amended Complaint (Filing 21), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

In a Memorandum and Order entered on September 3, 2020 (Filing 18), the court determined that Plaintiff's original Complaint (Filing 1) failed to state a claim upon which relief may be granted because although Plaintiff's allegations suggested that corrections officers at the Douglas County Correctional Center (DCCC) had injured him by using excessive force, the officers were not sued in their individual capacities and no facts were alleged to demonstrate municipal liability.

Plaintiff's Amended Complaint clarifies that he was a pretrial detainee at the time of the alleged incident, and provides additional facts about what transpired, but does not specify that Defendants are sued in their individual capacities. The court therefore must presume they are being sued only in their official capacities as DCCC employees. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). But Plaintiff still does not allege that the violation of his constitutional rights occurred because of an official policy or custom at DCCC, or because of a failure to train or supervise corrections officers, nor does he provide any facts from which it might reasonably be inferred that Douglas County is liable for his alleged injuries.

Plaintiff's Amended Complaint therefore fails to state a claim upon which relief may be granted, and is subject to preservice dismissal. Once again, however, the court will give Plaintiff leave to amend his pleadings within 30 days. If Plaintiff

elects to file a Second Amended Complaint, he should carefully follow the court's instructions that were set out in the previous Memorandum and Order.

Finally, Plaintiff renews his request for appointment of counsel. The court has again given consideration to the factors discussed in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), and concludes that appointment of counsel is not currently indicated.

IT IS THEREFORE ORDERED:

1.      On the court's own motion, Plaintiff shall have 30 days in which to file a Second Amended Complaint.

2.      Failure to file a Second Amended Complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

3.      If Plaintiff files a Second Amended Complaint, he shall restate the allegations of the Amended Complaint (Filing 21) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a Second Amended Complaint will supersede, not supplement, his prior pleadings.

4.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files a Second Amended Complaint.

5.      The clerk of the court is directed to set the following pro se case management deadline: **November 12, 2020**, check for second amended complaint.

6.      Plaintiff's renewed request for appointment of counsel (Filing 21) is denied without prejudice to reassertion.

Dated this 13th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

2